Military fay/ retired pay (nondisability) / entitlement to retired pay/ W years qualified service. — On January 17,1975 the court issued the following order:
Before kashiwa, Judge, Presiding, dureee, Senior Judge, and kunzig, Judge.
“This military pay case comes before the court on defendant’s motion, filed June 7,1974, and plaintiff’s cross-motion, filed July 16,1974, for summary judgment in No. 355-73.
“Plaintiff, a retired reserve officer, filed an application in April 1968, for retired pay benefits. Plaintiff had entered the active reserves on June 2, 1931 and continued in either active status during World War II or active reserve status through July 1,1950. Plaintiff resided in Mexico after World War II.
“Plaintiff’s application for retired pay benefits was denied on the ground that he did not have 20 years of qualified service. His records indicated that he had compiled 18 years and 29 days of qualifying service before being discharged from inactive Reserve status and his commission revoked on April 1, 1953. Upon consideration of the motions and after hearing oral argument, together with the pleadings, briefs and exhibits submitted, it is concluded that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.
“Although plaintiff claims to have served as a part-time undercover intelligence gatherer for the Defense Attache at the United States Embassy in Mexico, he was never reported by the Embassy nor do his military records show such service. Applicable Army regulations contemplate not only a cognizance on the part of Army officials as to Reserve training activities, but also prior approval of such activities. See Army Regs. SR-140-350-20 and SR-140-190-2. The record plainly shows that plaintiff failed to comply with these regulations.
“Additionally, the undisputed facts show that the order assigning plaintiff, to a Reserve unit in 1949 listed his address *836 as Arlington, Virginia. Plaintiff was granted a waiver of the point requirement to remain in the active reserves in 1950. The notification of the waiver was sent to plaintiff in Mexico, but specifically stated that his Army file listed plaintiff’s permanent address to be Arlington, Virginia. Plaintiff never corrected these records to indicate Mexico as his permanent address. Consequently, in 1950, when the Army transferred plaintiff to inactive status, albeit mistakenly, and attempted to notify plaintiff of this fact at the Arlington, Virginia address, plaintiff did not receive notification. And when the Army attempted to notify plaintiff of the expiration of his Eeserve appointment by operation of law in 1953, plaintiff again did not receive notification. Had plaintiff supplied the Army with accurate address records, or had plaintiff bothered to check with the Army during the period in question, he would have been advised that he was lacking almost two years of credit for retirement pay purposes. However, plaintiff’s lack of diligence in this case is deemed fatal to his recovery.
“On this record, we do not think it can be said that the Army Board for Correction of Military Records acted arbitrarily, capriciously or contrary to law in denying plaintiff’s application.
“it is therefore ordered that defendant’s motion for summary judgment is granted, plaintiff’s cross-motion for summary judgment is denied and plaintiff’s petition is dismissed.”